891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve D. BURNETT, Petitioner-Appellant,
v.
Jack MORGAN, Warden, Respondent-Appellee.
 No. 89-5849.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Steve Burnett moves for counsel and appeals from the district court's order dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Following a jury trial, Burnett was found guilty of second degree murder, and was sentenced to life imprisonment.
 
 
 3
 In the district court, Burnett argued that his conviction was not supported by sufficient evidence and that he received ineffective assistance of counsel.
 
 
 4
 After reviewing the answer, the district court dismissed the petition as meritless.
 
 
 5
 The only issue that Burnett raises on appeal is whether he received effective assistance of counsel. His sufficiency of the evidence claim is thus considered abandoned and will not be reviewed by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon consideration, we conclude that the district court correctly decided that Burnett was not deprived of effective assistance of counsel. Burnett argued that his trial counsel was ineffective in failing to adequately investigate his case and failing to advise him of the benefits of a plea bargain offer. In order to establish ineffective assistance of counsel, Burnett must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The state court found that defense counsel's investigation was adequate. The findings of fact which lead to this conclusion are presumed correct as Burnett did not show by convincing evidence that the facts were erroneous. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam). Counsel received a copy of the district attorney's police file as well as an offer of twenty years on a guilty plea to second degree murder. He relayed this offer to Burnett, who rejected it. Counsel recalled that Burnett spent a considerable amount of time trying to convince him that he was innocent. Counsel was able to prevent the use of Burnett's inculpatory statement to his wife and had no grounds for suppressing Burnett's pre-trial statement to the police that Harlan Loftis committed the murder. During the state's proof, the state offered to agree to ten years on a guilty plea. The record supports that this offer was conveyed to Burnett. Defense counsel testified, "I went back into the courtroom during the break and discussed it with Steve Burnett." Counsel made no recommendation as it appeared that Burnett might be acquitted. The testimony of Burnett's wife had been excluded, his brother had changed his testimony, a gold chain that was to have been introduced linking Burnett to the crime was discovered to be a silver chain, and witness Brenda Waddey's testimony was no longer available to the state. These facts, as stated by the court of appeals are presumed correct as Burnett has not shown by convincing evidence that these facts are erroneous. See Sumner, 455 U.S. 591. These facts do not show that counsel was ineffective for failing to recommend acceptance of the ten year offer. Counsel made a tactical decision on a close call. Burnett had consistently maintained his innocence, the state's case was proceeding poorly, and the co-defendant had not been tested. Counsel's challenged acts and omissions were not outside the range of professionally competent assistance so as to provide grounds for habeas relief.
 
 
 7
 For these reasons, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.